THE UNITED STATES DISTRICT COURT
DISTRICT OF UTAH

| | |
|---|---|
| DANIEL THOMAS ROMERO,<br><br>Plaintiff,<br>v.<br><br>UTAH ADMINISTRATIVE OFFICE OF THE COURTS; RONALD B. GORDON, JR., in his official capacity as State Court Administrator; and MATTHEW B. DURRANT, in his administrative capacity as Chair of the Utah Judicial Council,,<br><br>Defendants. | REPORT AND RECOMMENDATION<br><br>Case No. 2:25-cv-01162-AMA-DBP<br><br>District Judge Ann Marie McIff Allen<br><br>Magistrate Judge Dustin B. Pead |

This matter is before the court on Defendants' Motion to Dismiss.[1] Defendants filed their motion on July 30, 2026, and to date, Plaintiff Daniel Romero, who is proceeding pro se, has not filed any opposition to the Motion. The undersigned has reviewed Defendants' Motion and agrees with Defendants' arguments regarding Plaintiff's standing. This matter therefore should be dismissed.

**BACKGROUND**

Plaintiff, who is appearing pro se, filed suit in December 2025 challenging Defendants' policy of eliminating general public parking at the Scott M. Matheson Courthouse beginning in January 2026. Romero claims he has "non-mobility disabilities and does not possess—and is not eligible for—a disability placard or disability license plate."[2] The elimination of the general

[1] Motion to Dismiss, ECF No. 18. The case is referred to the undersigned from Judge Ann Marie McIff Allen pursuant to 28 U.S.C. § 636(b)(1)(B) for disposition on all dispositive matters.

[2] Complaint at 2, ECF No. 1.

public parking is an "ongoing irreparable harm" creating "heightened psychological distress, increased risk of tardiness or missed hearings, and unequal access to court services."[3] Plaintiff brings claims under the Americans with Disabilities Act (ADA 42 U.S.C. § 12132) and Rehabilitation Act (29 U.S.C. § 794), and seeks declaratory judgment that Defendants violate the ADA. Romero requests the court enter a preliminary and permanent injunction preventing enforcement of the total public parking closure.

In seeking to dismiss this matter, Defendants argue Plaintiff fails to establish Article III standing because Plaintiff fails to identify any past injury, alleges no occasion where he was denied garage access or denied a judicial service, the Complaint contains unsupported allegations of being a "frequent user of the Scott M. Matheson Courthouse", and public dockets indicate that the only matter Plaintiff had as of the filing of this case, is scheduled for an online hearing.

**DISCUSSION**

Defendants filed their Motion to Dismiss on July 30, 2026, and Plaintiff has failed to file any opposition. Under Local Rule 7-1(f) a "failure to respond timely to a motion may result in the court granting the motion without further notice."[4] Granting Defendants' Motion therefore is appropriate under the Local Rules. However, even setting that valid basis aside, Plaintiff fails to establish standing.

The Constitution extends "judicial Power" of federal courts only to "Cases" and "Controversies."[5] "No principle is more fundamental to the judiciary's proper role in our system of government than the constitutional limitation of federal-court jurisdiction to actual cases or

---

[3] *Id.* at 3.

[4] DUCivR 7-1(f) (2025).

[5] U.S. Const. art. III. § 2.

controversies."[6] To establish a case or controversy, a plaintiff must possess standing to sue.[7] Standing requires a plaintiff to have "'(1) suffered an injury in fact, (2) that is fairly traceable to the challenged conduct of the defendant, and (3) that is likely to be redressed by a favorable judicial decision.'"[8] "To establish injury in fact, a plaintiff must show that he or she suffered 'an invasion of a legally protected interest' that is 'concrete and particularized' and 'actual or imminent, not conjectural or hypothetical.'"[9] At the pleading stage, such as in this case, "'[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice.'"[10]

Plaintiff fails to meet the required elements to establish standing or an injury in fact. No past injury is identified. A vague reference to being a "frequent user" of the Matheson Courthouse does not establish an imminent future injury. Plaintiff's Complaint is based on conjecture and hypothetical harm and offers nothing that is concrete and particularized. Finally, a future hearing cannot establish standing retroactively,[11] and in any event, it appears any scheduled future hearings are online.

**REPORT AND RECOMMENDATION**

For the foregoing reasons, the undersigned recommends that Defendants' Motion to Dismiss be GRANTED.

---

[6] *Raines v. Byrd*, 521 U.S. 811, 818, 117 S.Ct. 2312, 138 L.Ed.2d 849 (1997)

[7] *See Spokeo, Inc. v. Robins*, 578 U.S. 330, 338, 136 S. Ct. 1540, 1547, 194 L. Ed. 2d 635 (2016).

[8] *S. Furniture Leasing, Inc. v. YRC, Inc.*, 989 F.3d 1141, 1145, 2021 WL 800248 (10th Cir. 2021) (quoting *Spokeo*, 578 U.S. at 338).

[9] *Id.* (quoting *Spokeo*, 578 U.S. at 338).

[10] *Id.* (quoting *COPE v. Kan. State Bd. of Educ.*, 821 F.3d 1215, 1221 (10th Cir. 2016)) (citation modified).

[11] Standing is measured as of the date "when the suit was filed." *Davis v. Fed. Election Comm'n*, 554 U.S. 724, 734, 128 S. Ct. 2759, 2769, 171 L. Ed. 2d 737 (2008).

Copies of this Report and Recommendation are being sent to all parties, who are hereby notified of their right to object.[12] The parties must file any objections to this Report and Recommendation within 14 days after being served with a copy of it.[13] Failure to object may constitute waive of objections upon subsequent review.

DATED this 10 September 2026.

Dustin B. Pead
United States Magistrate Judge

[12] 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b)(2).

[13] *Id.*